David J. Kaminski (SBN: 128509)
KaminskiD@cmtlaw.com
Keith A. Yeomans (SBN: 245600)
YeomansK@cmtlaw.com
**Carlson & Messer, LLP**
5959 West Century Blvd., Suite 1214
Los Angeles, California 90045
t: (310) 242-2200
f: (310) 242-2222

Attorneys for Defendants,
United Collection Bureau, Inc. and
Collecto, Inc. fka Collection Company
of America

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIK ELIASIAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED COLLECTION BUREAU, INC., an Ohio corporation; ENHANCED RECOVERY COMPANY, LLC, a Delaware limited liability company; COLLECTION COMPANY OF AMERICA a/k/a COLLECTION, INC., a Massachusetts corporation;<br><br>Defendants. | **Case No. 2:12-cv-01839-RGK-E**<br><br>**DEFENDANTS' RULE 26(f) REPORT**<br><br>Judge: Hon. R. Gary Klausner<br>Date: August 6, 2012<br>Time: 9:00 a.m.<br>Room: 850<br><br>Complaint filed: March 12, 2012 |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Defendants  United Collection Bureau, Inc., Collecto, Inc. and Enhanced Recovery Company LLC (collectively, the "Parties" or "Defendants") hereby submit this Rule 26(f) Report.

\\\

\\\

\\\

\\\

## **PRELIMINARY STATEMENT**

On June 5, 2012, this Court issued an order setting a scheduling conference for August 6, 2012 at 9:00 a.m.  The Order required the parties to hold the Federal Rule of Civil Procedure ("FRCP") 26(f) Conference of the Parties in a timely fashion.  In an effort to comply with the Court's Order, Defendants have made several attempts to contact Plaintiff Alik Eliasian.

On July 16, 2012, Defendant Enhanced Recovery Company LLC phone Plaintiff and during such conversation, Plaintiff was informed of his obligation to participate in a FRCP 26(f) Conference and to jointly prepare and submit a report to the Court.

On March 14, 2012, Defendants United Collection Bureau, Inc. and Collecto, Inc. phoned and left a message for Plaintiff which was never returned.

On June 11, 2012, Defendants United Collection Bureau, Inc. and Collecto, Inc. phone Plaintiff's purported attorney, Arshak Bartoumian[1], to discuss the parties' FRCP 26(f) obligations.   Mr. Bartoumian did not return the call.

On July 9, 2012, Defendants United Collection Bureau, Inc. and Collecto, Inc. wrote to Plaintiff reminding Plaintiff of his obligations under FRCP 26(f) and this Court's Order.  Plaintiff was also notified of the deadlines to confer and submit a joint report.  No response was received.

On July 17, 2012, Defendants United Collection Bureau, Inc. and Collecto, Inc. wrote to Plaintiff outlining their positions with respect to the issues set forth in FRCP 26(f) and C.D. Cal. Local Rule 26-1.  No response was received.

On July 23, 2012 a draft copy of this Rule 26(f) Report was sent to Plaintiff.  No response was received.

On July 26, 2012, Defendant Enhanced Recovery Company LLC spoke with Plaintiff on the phone and reminded him that this joint report was due Monday, July 30, 2012.  Plaintiff indicated that he was represented by counsel, Arshak Bartoumian, and

---

[1] Mr. Bartoumian has not formally appeared in these proceedings but has represented himself as Plaintiff's attorney

07039.00/186117
4845-4700-3408.1

that he would call Defendant Enhanced Recovery Company LLC to discuss the joint report.  Neither Plaintiff nor Arshak Bartoumian have called as promised.

In light of Plaintiff's failure to participate in the FRCP 26(f) Conference or the preparation of this report, Defendants unilaterally submit the following.

## DEFENDANTS' RULE 26(f) REPORT

**1.**    **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made?**

No changes are necessary in the form or requirement for initial disclosures under Rule 26(a).  The Parties intend to serve initial disclosures as required by FRCP 26(a)(1)(C).

**2.**    **Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Discovery should be limited to the claims and defenses set forth in the pleadings, including the alleged debts owed by Plaintiff that Defendants sought to collect, Defendants' account records for Plaintiff, Defendants' alleged review of Plaintiff's credit report, and Plaintiff's written or oral disputes allegedly submitted to Defendants and Defendants' responses thereto.

It is not necessary to conduct discovery in phases.

**3.**    **Issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

There are no known issues concerning the discovery of electronically stored information.

\\\
\\\
\\\

3

DEFENDANTS' RULE 26(f) REPORT
2:12-cv-01839-RGK-E

07039.00/186117
4845-4700-3408.1

**4.    Issues about claims of privilege or of protection as trial-preparation materials, including--if the parties agree on a procedure to assert these claims after production--whether to ask the court to include their agreement in an order.**

There are no known issues at this time although the Parties reserve their right to object to the discovery of any such materials to the extent such information is private, confidential, privileged or protected from disclosure by any constitutional, statutory, or common law privilege, protection, or limitation, including but not limited to attorney-client privilege and attorney work product privilege.

**5.    What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed?**

There is no need to change any of the discovery limitations imposed by the Federal Rules of Civil Procedure and Local Rules although the Parties reserve their right to seek such relief from the Court as may become helpful, reasonable, or necessary to these proceedings.

**6.    Other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The Parties propose that the Court issue an order in accordance with the dates and deadlines set forth below.

| | |
|---|---|
| Last day to amend pleadings or add parties: | September 10, 2012 |
| Expert disclosures: | March 4, 2013 |
| Non-expert discovery cutoff: | April 8, 2013 |
| Expert discovery cutoff: | May 13, 2013 |
| Motion cutoff: | June 17, 2013 |
| Pre-Trial Conference: | July 15, 2013 |
| Trial: | August 5, 2013 |

DEFENDANTS' RULE 26(f) REPORT
2:12-cv-01839-RGK-E

07039.00/186117
4845-4700-3408.1

7. **The complexity of the case, and whether all or part of the procedures of the Manual For Complex Litigation (current edition) should be utilized. Counsel may propose to the Court modifications of the procedures in the Manual to facilitate the management of a particular action.**

This case is not complex and the Manual for Complex Litigation is unnecessary for the resolution of the case nor are any modified procedures necessary at this time.

8. **The dispositive or partially dispositive motions which are likely to be made, and a cutoff date by which all such motions shall be made.**

If Plaintiff fails to dismiss this Action, Defendants may file motions to dismiss, motions for judgment on the pleadings, or motions for summary judgment. All motions will be filed in accordance with the motion cutoff date set forth above.

9. **ADR Selection.**

The Parties select Settlement Procedure no. 2.

10. **Trial Estimate.**

2-3 day jury trial.

11. **Additional Parties.**

The Parties do not anticipate the appearance of additional parties.

12. **The proposed timing of disclosures under F.R.Civ.P. 26(a)(2).**

Expert disclosures will be served in accordance with the cutoff date set forth above.

13. **Theory of the Case.**

Based upon Defendants' review of Plaintiff's Complaint, it appears that Plaintiff alleges that each Defendant separately pulled Plaintiff's credit report from one of the credit reporting agencies without Plaintiff's knowledge or consent and without a permissible purpose. Plaintiff also alleges that Plaintiff sent separate letters to each Defendant requesting their permissible purpose for pulling Plaintiff's credit reports, and Defendants failed to respond to the requests and did not request deletion of the credit

DEFENDANTS' RULE 26(f) REPORT
2:12-cv-01839-RGK-E

inquiries from the credit reporting agencies. Plaintiff's Complaint also includes several legal conclusions couched as factual allegations.

The disputed points of law include: (1) whether Defendants' credit reviews and collection activity, if any, complied with the standards of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code §1788 *et seq.*, Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, and California's Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §1785.2 *et seq.*; (2) whether Defendants are "debt collectors," the debt at issue is a "consumer debt," or Plaintiff is a "consumer" under the applicable statutes; and (3) whether the acts alleged constitute violations of the FDCPA, RFDCPA, FRCA or CCRAA, or state law claims for defamation, libel or invasion of privacy.

Defendants maintain that their collection activities did not, as a matter of law, violate the FDCPA, RFDCPA, FRCA or CCRAA, or amount to defamation, libel or invasion of privacy. Defendants further maintain that they had a permissible purpose to review Plaintiff's credit report under the FCRA.

**14.   Settlement Potential**

To date, Plaintiff has not made any settlement demand. If plaintiff makes a demand, Defendants commit to consider it in good faith.

Dated:   July 30, 2012

**Carlson & Messer LLP**

By:         /s/ Keith A. Yeomans
         David J. Kaminski
         Keith A. Yeomans

Attorneys for Defendants
United Collection Bureau, Inc. and
Collecto, Inc. fka Collection Company of
America

DEFENDANTS' RULE 26(f) REPORT
2:12-cv-01839-RGK-E

07039.00/186117
4845-4700-3408.1

Dated:   July 30, 2012                 **Lewis Brisbois Bisgaard & Smith LLP**

By:            /s/ Larissa G. Nefulda
                    Stephen H. Turner
                    Larissa G. Nefulda

Attorneys for Defendant
Enhance Recovery Company LLP

DEFENDANTS' RULE 26(f) REPORT
2:12-cv-01839-RGK-E

07039.00/186117
4845-4700-3408.1

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                                )     ss.
COUNTY OF LOS ANGELES     )

       I am employed in the County of Los Angeles, State of California.

       I am over the age of 18 and not a party to the within action; my business address is 5959 W. Century Boulevard, Los Angeles, California 90045.

       On **July 30, 2012,** I served the foregoing document described as: **DEFENDANTS' RULE 26(f) REPORT** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

**[X]**    **BY MAIL**: I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

**[ ]**    **ELECTRONIC MAIL:** Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list). I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[ ]**    **PERSONAL SERVICE BY HAND**- I personally served document to address stated on POS Service List.

**[ ]**    **BY FACSIMILE**- I transmitted via telecopier machine such document to the offices of the addressees.

**[ ]**    **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**[X]**    **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **30th day of July, 2012**, at Los Angeles, California.

Linda Brooks

1

2

**SERVICE LIST**
**Eliasian, Alik v. United Collection Bureau, Inc., et al.**
**07039.00**

3

4

Alik Eliasian                                    Attorney Pro Se
617 W. California Avenue
Glendale, CA  91203
Phone:  (818) 299-0908

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28